UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Justin Makario Jackson, | ) | C/A No. 7:25-cv-3877-JDA-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Marc Cappa, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee and is currently incarcerated at the Greenville County Detention Center. ECF No. 1 at 2, 4. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings filed in this case for relief and submit findings and recommendations to the district court. For the reasons below, this action is subject to summary dismissal.

**BACKGROUND**

**Procedural History**

Plaintiff commenced this action by filing a Complaint on the standard form. ECF No. 1. By Order dated May 9, 2025, the Court notified Plaintiff that, upon screening in accordance with 28 U.S.C. §§ 1915 and 1915A, the Complaint was subject to summary dismissal for the reasons identified by the Court. ECF No. 9. The Court noted, however, that Plaintiff might be able to cure the deficiencies of his Complaint and granted Plaintiff twenty-one days to file an amended complaint. *Id*. at 8. Plaintiff was warned as follows:

> **If Plaintiff fails to file an amended complaint that corrects the deficiencies identified [in the Court's Order], this action will be**

> **recommended for summary dismissal pursuant to 28 U.S.C. §§ 1915 and 1915A without further leave to amend.**

*Id.* Plaintiff has not filed an Amended Complaint, and the time to do so has lapsed.[1]

**Factual Allegations**

Plaintiff makes the following allegations in his Complaint. ECF No. 1. Plaintiff contends Defendant "approved himself in his supplemental reports which is in fact illegal." *Id.* at 4. Plaintiff asserts that, on April 27, 2023, Defendant "made himself the reporting officer [and] approving officer in all his reports." *Id.* at 5. For his injuries, Plaintiff contends he has suffered slander, defamation of character, and intentional infliction of emotional distress. *Id.* at 6. For his relief, Plaintiff requests $2 million in compensatory damages, $1 million in punitive damages, and declaratory relief. *Id.* Plaintiff has attached to his Complaint a copy of a Greer Police Department Supplemental Report. ECF No. 1-1.

The Court takes judicial notice[2] that Plaintiff has been charged in the Greenville County Court of General Sessions with the following crimes: (1) attempted murder at case number 2023A2320500273; (2) possession of a weapon during a violent crime at case number 2023A2320500278; (3) domestic violence of a high and aggravated nature at case number 2023A2320500279; (4) carjacking at case number 2023A2320601002; and (5) kidnapping at case number 2023A2320601003. *See* Greenville County Thirteenth Judicial Circuit Public Index,

---

[1] Plaintiff's amended complaint was due on May 30, 2025. ECF Nos. 7; 9.

[2] *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

available at https://publicindex.sccourts.org/Greenville/PublicIndex/PISearch.aspx (last visited June 9, 2025) (search by case numbers listed above).

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not

mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As noted, although the Court must liberally construe the pro se complaint, a plaintiff must do more than make conclusory statements to state a claim for relief. *See Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79; *see also Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994) (explaining that, although the court must liberally construe the pro se complaint, a plaintiff must do more than make mere conclusory statements to state a claim); *White v. White*, 886 F.2d 721, 723–74 (4th Cir. 1989) (dismissing complaint dismissed because it "failed to contain any factual

4

allegations tending to support his bare assertion"). Thus, although a plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. DuPont*, 324 F.3d 761, 765 (4th Cir. 2003).

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## **DISCUSSION**

**The Action is Subject to Dismissal Pursuant to Rule 41(b)**

This action is subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Plaintiff was directed to file an amended complaint in accordance with this Court's Order dated May 9, 2025. ECF No. 9. However, Plaintiff has not filed an amended complaint or any response to the Court's Order, and he has failed to correct the pleading deficiencies of his original Complaint and accompanying documents. Plaintiff has failed to prosecute this case and has failed to comply with the Order of this Court. As Plaintiff has already ignored this Court's Order and deadlines, action less drastic than dismissal would not be effective. Accordingly, this case should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

**Failure to State a Claim**

The Complaint is also subject to dismissal because Plaintiff has failed to state a claim for relief that is cognizable under 42 U.S.C. § 1983. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff has not identified any right under the Constitution that Defendant is alleged to have violated.[3] *See Vang v. Catawba Med. Ctr.*, C/A No. 1:23-cv-00018-MR-WCM, 2023 WL 1871106, at *3 (W.D.N.C. Feb. 9, 2023) ("[A]s the Plaintiff has failed to identify a constitutional right that was violated . . . she has failed to state a § 1983 claim."), *appeal dismissed*, No. 23-1711, 2025 WL 560632 (4th Cir. Feb. 25, 2025). Plaintiff asserts that Defendant signed his name on a supplemental report as both the reporting officer and the approving officer. ECF No. 1 at 4–5. That assertion does not, however, implicate any federal constitutional right. *See, e.g.*, *Brown v. Matthews*, C/A No. 5:21-cv-3494-TMC-KDW, 2022 WL 17418220, at *3 (D.S.C. Jan. 28, 2022) ("Plaintiff has failed to show she has a clearly established constitutional right to an accurate police report."), *R&R adopted by* 2022 WL 17261395 (D.S.C.

---

[3] In the Complaint, Plaintiff lists the Fourth Amendment, Fourteenth Amendment, 18 U.S.C. §§ 241 and 242, and several state statutes (S.C. Code §§ 23-23-150, 16-5-10, and 16-9-10). ECF No. 1 at 4. Plaintiff provides no explanation as to how any of these statutes or constitutional provision provide him with a claim for relief. The Complaint is devoid of any allegations that Plaintiff's Fourth or Fourteenth Amendment rights were violated. Further, 18 U.S.C. §§ 241 and 242 are criminal statutes that do not create a private right of action. *See Shallow v. Fed. Bureau of Investigation*, C/A No. 1:19-cv-229, 2019 WL 2718493, at *2 (E.D. Va. June 27, 2019) (collecting cases), *aff'd*, 788 F. App'x 189 (4th Cir. 2019). Also, "violations of state law, standing alone, do not give rise to federal constitutional violations." *Norwood v. Jividen*, C/A No. 2:20-cv-00299, 2023 WL 2624176, at *1 (S.D.W. Va. Feb. 28, 2023), *R&R adopted by* 2023 WL 2624169 (S.D.W. Va. Mar. 23, 2023). In any case, Plaintiff's cursory reference to these statutes and constitutional provisions provide no basis for relief because Plaintiff has not alleged facts showing Defendant violated them.

Nov. 29, 2022); *Royster v. Schluderberg*, C/A No. PJM-10-cv-2121, 2013 WL 781599, at *2 (D. Md. Feb. 28, 2013) ("there is no clearly established constitutional right to accurate police reports").

Plaintiff also alleges, as to his injuries, that he suffered slander, defamation of character, and intentional infliction of emotional distress. ECF No. 1 at 6. That cursory assertion, without any factual allegations to support such a claim, is insufficient to state a claim for relief. Further, allegations of defamation, slander, libel, and other state law tort claims fail to state a cognizable claim under § 1983. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Serv.*, 489 U.S. 189, 200–03 (1989) (explaining civil rights statutes, such as § 1983, do not impose liability for violations of duties of care arising under a state's tort law). Although state law provides for a right of action for slander or defamation, an alleged act of defamation of character or injury to reputation is not actionable under § 1983. *See, e.g., Paul v. Davis*, 424 U.S. 693, 697–710 & nn.3–4 (1976); *Washington v. Tilton*, C/A No. 2:10-cv-997-HFF-RSC, 2010 WL 2084106, at *3 (D.S.C. May 7, 2010), *R&R adopted by* 2010 WL 2084383 (D.S.C. May 19, 2010). Plaintiff's defamation claim does not implicate the violation of any federal right. A § 1983 action may not be "based alone on a violation of state law or on a state tort." *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988). A state law claim "does not become a constitutional violation merely because the victim is a prisoner." *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, Plaintiff's allegations concerning the purely state law claim of defamation fail to establish a claim for a violation of a federal right as required under § 1983, and therefore his claim must be dismissed. *Wilson v. Ozmint*, C/A No. 3:10-cv-2887-RMG, 2011 WL 1336391, at *1–2 (D.S.C. Apr. 7, 2011).

Moreover, this Court is without jurisdiction to hear a state law defamation claim to the extent Plaintiff seeks to bring his defamation claim under state law, and the Court should decline

supplemental jurisdiction, to the extent it would be proper, because Plaintiff's federal question claims are subject to summary dismissal.

Defamation is a tort under state law that may be considered by this Court only under its diversity or supplemental jurisdiction. *Blackstock v. Miller*, C/A No. 4:17-cv-01926-RBH-KDW, 2017 WL 3530525, at *2 (D.S.C. July 28, 2017), *R&R adopted by* 2017 WL 3500219 (D.S.C. Aug. 16, 2017). Plaintiff may bring state law claims against the Defendants only under the diversity statute, if the statutory requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *Id.*; *see* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central W. Va. Energy Co.*, 636 F.3d at 103. Because both Plaintiff and Defendant appear to be South Carolina residents, there is no basis for diversity jurisdiction over this action. *See, e.g., Newman-Greene, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) (complete diversity required); *C.L. Ritter Lumber Co. v. Consolidation Coal Co.*, 283 F.3d 226, 229 (4th Cir. 2002) (same); *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999) (same). Also, in absence of any plausible federal question claim, there is no basis for the exercise of supplemental jurisdiction. *See* 28 U.S.C. § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

**CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, it is recommended that the district court **DISMISS** this action pursuant to 28 U.S.C. §§ 1915 and 1915A without prejudice, without further leave to amend,[4] and without issuance and service of process.

**IT IS SO RECOMMENDED**.

s/William S. Brown<br>
United States Magistrate Judge

June 10, 2025<br>
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[4] As Plaintiff has been afforded an opportunity to file an Amended Complaint but failed to correct his pleading deficiencies, the undersigned recommends that this action be dismissed without further leave to amend.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).